354 A.2d 539

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ildefonso TORRES, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 16, 1976.

Argued April 7, 1976.

Robert M. Fellheimer, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James Garrett, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## ORDER

PER CURIAM:

Judgment affirmed.

ROBERTS, J., filed a dissenting opinion in which NIX and MANDERINO, JJ., join.

ROBERTS, Justice (dissenting).

I dissent. Appellant was on trial for murder. Our Rules of Criminal Procedure, in conformity with the legislative mandate, provide that each side in a murder trial shall have twenty peremptory challenges during the selection of a jury.[1] The rule and the underlying statute allow the trial court no discretion either to raise or lower this allotment. Commonwealth v. Segers, 460 Pa. 149, 331 A.2d 462 (1975).

Despite the clear mandate of the rule, the trial court, over appellant's objection and at the request of the Commonwealth which had exhausted its peremptory challenges, granted each side two additional peremptory challenges. It attempted to justify this action by stating:

"Near the termination of the jury selection process, and admittedly at a time when the Commonwealth had exhausted its peremptory challenges, the court granted two peremptory challenges to the Commonwealth and also two additional peremptory challenges to the defense. The impelling reason for such action by the

1. See Pa.R.Crim.P. 1126; Act of March 6, 1901, P.L. 16, § 1, as amended, Act of July 9, 1901, P.L. 629, § 1, 19 P.S. § 811 (1964).

Court was the Court's awareness, independently of the Commonwealth's observations of 'the rather odd behavior' of two of such remaining veniremen. Bluntly, they impressed the Court as being 'weirdos' of the first degree and the Court felt that not only were they sublimely unfit for jury service but would also contaminate any jury of which they were a part. Several alternatives for dealing with this situation were available but the Court decided upon the option of granting two additional peremptory challenges to each side." [2]

The trial court's choice of "option" was flagrantly in error. The rules of criminal procedure provide that if a prospective juror is unqualified for some reason, either party is free to challenge for cause. Pa.R.Crim.P. 1106. The only requirement is that "cause" be shown to exist.[3] The trial court's "option" dispensed with the requirement that cause be shown on the record.

If the jurors could have been challenged for cause they should have been. If they could not have been challenged for cause defendant had the right under our rules and the statutes of the Commonwealth to have them on his jury. The trial court's "option" is a thinly veiled technique by which to give the Commonwealth sufficient peremptory challenges to get the jury it wants, despite the existence of rules and statutes designed to assure fairness in this most important aspect of trial by jury. I cannot join an order which sanctions such a result.

NIX and MANDERINO, JJ., join in this dissenting opinion.

**2.** Appellant indicates that the prospective jurors were acceptable to him. Because of the trial court's violation of the rules of criminal procedure we do not know the nature of "the rather odd behavior" which formed the basis for its opinion that the two prospective jurors were "weirdos" and its decision to grant the Commonwealth two extra peremptory challenges with which to eliminate them from the jury.

**3.** The trial court's grant or denial of a challenge for cause will not be disturbed in the absence of an abuse of discretion. *Commonwealth v. Bighum*, 452 Pa. 554, 560, 307 A.2d 255, 259 (1973).